UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Petitioner,

v.

NESTLE PREPARED FOODS,

Respondent.

No. 5:11-mc-358-JMH-REW

**MEMORANDUM OPINION AND ORDER**

** ** ** ** **

This matter is before the Court upon the Recommended Disposition of Magistrate Judge Robert E. Wier. [DE 17]. Said action was referred to the Magistrate Judge for the purpose of evaluating the Equal Employment Opportunity Commission's ("EEOC" or "Commission") motion to enforce an administrative subpoena. [DE 1]. Having considered the parties' briefs, an *amici curiae* brief filed in support of Nestle, and the parties' arguments during a show cause hearing, Magistrate Judge Wier recommends that the EEOC's motion for enforcement of the subpoena be granted. Nestle has filed objections to the Recommended Disposition. [DE 18]. The Court has carefully considered this matter and concludes that it will accept and adopt in part the Magistrate Judge's largely well-reasoned and articulated recommendation. Ultimately, however, the Court finds that the information sought by the EEOC is not relevant to the specific

charge at issue, and thus, the administrative subpoena will not be enforced.

## I. BACKGROUND

The undisputed facts relevant to the Court's resolution of this matter are as follows: On June 8, 2010, Nestle sent its employee, Michael Peel, to a private physician, Dr. Paul McLaughlin, for a fitness-for-duty evaluation. As part of the evaluation, Dr. McLaughlin had Peel fill out a family-medical-history questionnaire in which Peel provided information concerning his family history of certain medical conditions. Peel's employment with Nestle was terminated later that month, purportedly because Peel took excessive breaks during work shifts. Peel filed a charge of discrimination with the EEOC on June 29, 2010, alleging that Nestle had discriminated against him based on "retaliation," "disability," and "genetic information." In the narrative portion of Peel's EEOC charge, he did not discuss the particulars regarding his allegation of "genetic information" discrimination, but it has become clear that that portion of the charge relates to Dr. McLaughlin's acquisition of Peel's family medical history.

Based on Peel's allegation of "genetic information" discrimination, the EEOC issued Subpoena No. IN-11-51S, which directs Nestle to produce:

1. Documents that show the full name, address, and telephone number of each physician to whom Nestle referred individuals for physical or medical examinations (i.e., fitness for duty exams, post-offer exams) for positions at the facility from January 1, 2010 to the present.

2. Documents that show the full name, date of application, if hired, date of hire, if not hired, reason(s) why, and if terminated, reason(s) for termination for each individual who submitted to a physical or medical examination at Nestle's request for positions at the facility from January 1, 2010 to the present, as well as the date of each exam and the name of the physician who conducted the exam. [1]

Nestle refused to produce the requested information and filed a petition to revoke the subpoena. After Nestle refused the Commission's request that it withdraw its petition to revoke, the Commission denied the petition and ordered Nestle to comply with the subpoena. When Nestle did not comply, the Commission filed the application for enforcement that is currently before the Court.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b)(3) provides, with respect to dispositive motions, that the district judge must determine de novo any part of the magistrate judge's disposition to which proper objections have been made. Because the EEOC's motion to enforce the subpoena sets forth all of the relief requested in this matter, the

[1] The EEOC originally requested information that included copies of all medical questionnaires completed by individuals who submitted to medical exams. *See* DE 8-5. Nestle objected and the EEOC ultimately narrowed the scope of its request, issuing Subpoena IN-11-51S on June 30, 2011.

Court views it as a dispositive motion and will, therefore, review de novo the portions of the recommended disposition to which Nestle has objected. *See Aluminum Co. of America, Badin Works, Badin, N.C. v. U.S. Envtl. Prot. Agency,* 663 F.2d 499, 501 (4th Cir. 1981); *see also EEOC v. Schwan's Home Serv.,* 707 F. Supp. 2d 980, 987 (D. Minn. 2010)("[A]n application to enforce an administrative subpoena *duces tecum,* where there is no pending underlying action before the Court, is generally a dispositive matter, and therefore, when a Magistrate Judge considers such an application, the district court reviews the Magistrate Judge's determinations *de novo.*")

**III. DISCUSSION**

Nestle raises several objections to Magistrate Judge Wier's recommended disposition. Specifically, Nestle contends that the Magistrate Judge erred in failing to consider the merits of the EEOC's agency argument and in finding that Nestle had notice of its obligations under the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. § 2000ff-1. Additionally, Nestle objects to Judge Wier's findings with respect to judicial estoppel and relevance. Upon reviewing these issues anew, the Court finds the Magistrate Judge's opinion to be well-reasoned and adopts the opinion as its own, save the portion

addressing the relevance of the information sought under the administrative subpoena.

It is well established that the EEOC has broad access to evidence that is relevant to a charge being investigated. *See EEOC v. Roadway Exp., Inc.,* 261 F.3d 634, 637 (6th Cir. 2001). Further, at the investigation stage, the relevance standard is to be construed expansively, "afford[ing] the EEOC access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil,* 466 U.S. 54, 68-69 (1984); *see also EEOC v. Cambridge Tile Mfg. Co.,* 590 F.2d 205, 206 (6th Cir. 1979). And while the United States Supreme Court has approved a far-reaching notion of relevance with respect to EEOC investigations, it has cautioned that limits must be imposed lest the requirement of relevance become a nullity. *Shell Oil,* 466 U.S. at 69. Although the relevancy limitation does not prevent the EEOC from investigating subject matter beyond the four corners of a specific charge, *see EEOC v. Roadway Exp., Inc.,* 750 F.2d at 43, the Court is not persuaded that it has free reign to conduct a broad, company-wide investigation based upon a single allegation of an isolated act of discrimination. While the cases cited by the Magistrate Judge approved investigations that reached beyond the

charges involved, each case involved articulable circumstances that suggested the existence of violations beyond those specified in the charges. *See EEOC v. Cambridge Tile Mfg. Co.,* 590 F.2d at 206 (EEOC entitled to investigate employer's pattern of action where two employees had filed charges of discrimination and there was a "strong possibility of sex discrimination, which was uncovered during a reasonable investigation of specific charges"); *EEOC v. Roadway Exp., Inc.,* 750 F.2d 40 (6th Cir. 1984)(investigation arose out of two separate charges of race discrimination); *Blue Bell Boots, Inc. v. EEOC,* 418 F.2d 355 (investigation involved seven separate charges of race discrimination, each relating a detailed and identical account of alleged discrimination); *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44 (6th Cir. 1994)(investigation of systemic sex discrimination permitted where, upon preliminary on-site investigation, the EEOC found a "scarcity of women" occupying high-ranking positions).

During the show cause hearing before Magistrate Judge Wier, counsel for the EEOC was questioned regarding the relevance of the information sought. [DE 10]. When asked how looking for other instances of the acquisition of genetic information would be relevant to Peel's charge, counsel responded:

> Mr. Peel's charge, we feel that there is a violation of the statute in regards to him. And then flowing from there, looking for other class members . . . . [I]f that is their practice, referring employees to physicians for these types of exams without giving any sort of guidance or notice to the physicians that they are not supposed to collect this type of information, it certainly is possible that if it was done towards one employee from one physician that it could be done towards other employees as well; so yes, that is why I want to explore that.

[DE 10, p. 7]. When asked by Magistrate Judge Wier what would suggest that systemic discrimination has occurred at Nestle, counsel replied, "At this point we don't know. We won't know that until we have the information, and then we can determine whether or not that's the case. No interviews have been conducted at this point." [DE 10, p. 8].

While the Court recognizes that it is important for the EEOC to have the ability to investigate possible patterns of discriminatory action, this does not mean that every charge of discrimination justifies an investigation of the employer's facility-wide employment practices. *See EEOC v. Burlington N. Santa Fe R.R.,* 669 F.3d 1154, 1157-58 (10th Cir. 2012). To conclude otherwise would eviscerate the relevance requirement and condone fishing expeditions, against which the Sixth Circuit has warned. *See EEOC v. K-Mart Corp.,* 694 F.2d 1055, 1066 (6th Cir. 1982). Here, the only alleged GINA violation arose from Peel's EEOC charge

in which he checked the box for "genetic information." The Court is aware of no other charges against Nestle alleging GINA violations, and the EEOC points to no other information it has acquired in the course of its investigation of Peel's charge that would suggest that any other violations have occurred. Accordingly, the Court finds that the information sought under Subpoena IN-11-51S is irrelevant to the charge being investigated, and the motion to enforce the subpoena is denied.

Having considered the matter de novo in light of Nestle's objections, **IT IS ORDERED:**

1) that Magistrate Judge Wier's Recommended Disposition [DE 17] is **ACCEPTED IN PART** and **REJECTED IN PART;**

2) that the EEOC's motion for enforcement of Subpoena No. IN-11-51S [DE 1] is **DENIED;** and

3) that this Order is **FINAL AND APPEALABLE** and there is no just cause for delay.

This the 23rd day of May, 2012.




**Signed By:**
***Joseph M. Hood***
**Senior U.S. District Judge**