```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Petitioner, ) | No. 5:11-mc-358-JMH-REW |
| ) | |
| v. ) | |
| ) | |
| NESTLE PREPARED FOODS, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Respondent. ) | |
| ) | |

\*\*     \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the EEOC's motion for reconsideration of the Court's May 23, 2012 Order denying the EEOC's application to enforce subpoena no. IN-11-51S. [DE 20]. On June 11, 2012, Nestle filed a response in opposition to the EEOC's motion. [DE 21]. While the Court accepts the EEOC's invitation to consider its response to Nestle's objections to the Magistrate Judge's Recommended Disposition, the relief requested will be denied.

The Court recognizes that, pursuant to Fed. R. Civ. P. 72(b)(2), the EEOC should have been given the opportunity to respond to Nestle's objections prior to this Court's issuance of a ruling. Accordingly, the Court considers the points raised in the EEOC's memorandum in support of its motion for reconsideration. The EEOC contends that this Court has overlooked important facts, including the sworn statements of

Stephen Feamster, Nestle's Human Resource Manager, and Dr. Paul McLaughlin, the physician who examined charging party Michael Peel. Mr. Feamster affirmed that Nestle refers individuals for fitness-for-duty exams to various physicians in the Mount Sterling area, "of which Dr. McLaughlin is one." Additionally, Dr. McLaughlin affirmed that he considered Mr. Peel to be his "patient" when he examined him, and that he uses a family medical history form as a "standard intake form for all patients." These facts lie at the heart of what makes this a close case and, in ruling on this matter, the Court was mindful of the implication they create. One could assume that Nestle has referred other employees to Dr. McLaughlin and that he, in the course of examining them, has obtained protected information. The subpoena does not seek information relating solely to examinations performed by Dr. McLaughlin, however. Rather, it requests information relating to "each physician to whom Nestle referred individuals for physical or medical examinations" and "each individual who submitted to a physical or medical examination." While the EEOC is correct that the investigation of possible systemic discrimination need not be based on multiple charges or explicit systemic allegations, here, there is no implication of systemic violations that would justify the scope of the EEOC's wide-reaching subpoena. If this subpoena were more narrowly drawn, perhaps the result would be

different. As worded, however, the subpoena seeks information beyond that which could reasonably shed light on Mr. Peel's charge and will not be enforced.

Having reviewed and considered the EEOC's response to Nestle's objections to the Magistrate Judge's Recommended Disposition of this matter, **IT IS ORDERED** that the EEOC's motion for reconsideration is hereby **GRANTED**, but the relief requested is **DENIED.**

This the 26th day of June, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge